Opinion of the court by
Judge Emmerson.
1st. What
are the legal consequences of Kearny’s being indebted, at the time of this conveyance to a trustee for the benefit of his wife and children ? If the plaintiff were a creditor it would render the transaction void as to him: but he is not a creditor but a subsequent purchaser for a valuable consideration, and as to the latter, it is not a necessary consequence that the conveyance is void as to him because void as to a creditor.
2d. Being voluntary as to the wife and children, is it void as to the subsequent purchaser for value? If it were real estate, and the first conveyance voluntary, this circumstance alone would render it void as to a subsequent purchaser for value under the 27th Elizabeth. In this Slate even a conveyance of land for valuable consideration, is void against a subsequent purchaser, if he have no *15 notice by a legal registration, or by actual knowledge Uirougii some other channel. Notice either way, would not, under the statute of Elizabeth, validate the prior conveyance, being voluntary; whether it would under our act of 1801 need not now be enquired because this is not a case of realty but personalty.
3d. Can a voluntary conveyance of personalty for a wife and children be valid, under any circumstances, against a subsequent purchaser for value. Gifts of personalty to children were good against purchasers for value before 1784 ch. 10, sec. 7, which required registration of deeds of gift and bills of sale for the purpose of giving notice to such purchasers and preventing injury to them. This act and subsequent ones making similar provisions, shew that the gift is good as against a subsequent purchaser, if registration follow the conveyance, within the time prescribed by law, but if it do not, the conveyance is then void in the contemplation of the registry acts, so far as a subsequent purchaser is concerned. By the act of 1801 ch. 25, sec. 2, a conveyance of personals for a wife and children is only void as against a subsequent purchaser for value, when not made in writing, registered in due time, nor yet accompanied by possession in the donee. If accompanied by these ceremonies it is good, though voluntary so far as regards subsequent purchasers for value. An extravagant or spendthrift husband may provide for his wife and children before they are overtaken by ruin, so far as a subsequent purchaser is concerned, if he will in due time give notice thereof to the subsequent purchaser by registration or notoriety of possession in the donee; so as to forewarn him of the danger he may incur by the purchase. Contrary to the construction on the 27th Eliza- . beth, under which, it matters not though the subsequent purchaser have notice, our law deems notice to the subsequent purchaser a fact which cuts up by the roots the allegation of injustice and fraud on the subsequent purchaser as to personalty.
Then here the conveyance might be good, notwithstanding the •>bn't h'd drd it R v-duntaiy, it regirtcn d in »lu< *16 time after being proved as the law requires. The person whose title is to be supported bj such registration, must shew that it hath taken place in due time. In the registration before us, it does not appear at what time, it took place, it might have been two, three or four years after the execution of the deed. This registration might be anterior to the time of the plaintiff’s purchase but being out oí time, it has not any effect, unless legalized by some act of Assembly passed after the year 1811. If such act exists, it is not shewn, nor do we remember it. The purchaser then cannot be .affected by it, even were it founded upon a proper probate. It must be taken, that there is no legal probate and registration, and that the voluntary conveyance is void against a subsequent purchaser for want of it.
The plaintiff below is entitled to recover. The judgment against him must be reversed, and the cause remanded for a trial de novo. Judgment reversed.